# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

SCHOLZ ALUMINUM GMBH,

      Plaintiff,

v.                              CASE NO: 8:09-cv-1330-T-26-MAP

GEARBULK, INC. and ARROW TERMINALS,
INC.,

      Defendants.

_____/

## O R D E R

Pending before the Court is a motion seeking attorney's fees and costs from both

Defendants which is supported by three exhibits.  After careful review, the Court

concludes that the motion is woefully deficient when measured against the requirements

imposed on an attorney seeking fees by the Supreme Court in <u>Hensley v. Eckerhart</u>, 461

U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) and the Eleventh Circuit Court of

Appeals in <u>Norman v. Housing Authority of the City of Montgomery</u>, 836 F.2d 1292

(11th Cir. 1988).[1]

In <u>Hensley</u>, the Supreme Court held that "[t]he party seeking an award of fees

should submit evidence supporting the hours worked and the rates claimed."  461 U.S. at

---

[1]  Counsel filing the motion also failed to comply with the requirements of Local Rule
3.01(g) prior to filing the motion.

433, 103 S.Ct. at 1939.  The Court further stated that in its analysis of determining the reasonableness of a fee award, "[t]he district court also should exclude from this initial fee calculation hours that were not 'reasonably expended.'" 461 U.S. at 434, 103 S.Ct. at 1939 (citation omitted).

In Norman, the Eleventh Circuit echoed the holding in Hensley by observing that "[t]he applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates."  836 F.2d at 1299 (citation omitted).  The Court further observed, however, that "[s]atisfactory evidence at a minimum is more than the affidavit of the attorney performing the work."  Id. (citation omitted).  The Norman Court also set out the procedures which must be followed by the party seeking an award of fees.  Those procedures include (1) "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate"; (2) records maintained by fee counsel "to show the time spent on the different claims" and "the general subject matter of the time expenditures . . . set out with sufficient particularity so that the district court can assess the time claimed for each activity"; and (3) "a summary, grouping the time entries by the nature of the activity or stage of the case."  Id. at 1303 (citations omitted).

Measured against these standards, Defendants' fee application is, as stated above, woefully deficient and does not allow this Court to undertake the analysis required by Norman resulting in an order subject to meaningful appellate review in which the Court

-2-

"must articulate the decisions it made, give principled reasons for those decisions, and show its calculation." Id. at 1304.  Accordingly, Defendants' Motion for Attorney's Fees, and Other Expenses (Dkt. 117) is denied without prejudice.  Defendants' counsel, after *personally* conferring with Plaintiff's counsel in a good faith effort to settle the issue of attorney's fees and costs, may refile the motion no later than November 23, 2011, in conformity with the principles of Hensley and Norman.

DONE AND ORDERED at Tampa, Florida, on November 9, 2011.

s/Richard A. Lazzara
RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE

COPIES FURNISHED TO:
Counsel of Record